UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-3958-Civ-Middlebrooks

Magistrate Judge Bandstra

MICROSOFT CORPORATION,

 Plaintiff,

vs.

L&M MANUFACTURING CORPORATION,
a Florida corporation; MARKUS TRADING
COMPANY, a Florida corporation; JACK
LIEBERMAN; and MARILYN LIEBERMAN
a/k/a Marilyn Markus,

 Defendants.

_____

L&M MANUFACTURING CORPORATION,
a Florida Corporation,

 Third Party Plaintiff,

vs.

HARTFORD INSURANCE COMPANY OF
THE SOUTHEAST, INC., a Florida
Corporation,

 Third Party Defendant.
_____/

## MOTION OF PLAINTIFF MICROSOFT CORPORATION FOR AN ORDER STRIKING DEFENDANTS' THIRD, FIFTH, SIXTH AND EIGHTH AFFIRMATIVE DEFENSES PURSUANT TO RULE 12(f) AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Microsoft Corporation ("Microsoft"), through its attorneys of record, respectfully requests that the Court enter an order striking the Third, Fifth, Sixth and Eighth (mistakenly

NON-COMPLIANCE OF S.D. fla. L.R. 7.1.A.4

designated as another "Seventh Affirmative Defense" at p.8 of Defendants' Answer) Affirmative Defenses of Defendants L&M Manufacturing Corporation, Markus Trading Company, Jack Lieberman, and Marilyn Lieberman ("Defendants"). These affirmative defenses are set forth in the Defendants' Answer, Affirmative Defenses and Counterclaim Against Microsoft Corporation (the "Answer").

This Motion is made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that each purported affirmative defense is insufficient as a matter of law and/or redundant.

This Motion is based on the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such further matters as may be presented if the Court requests a hearing on this Motion.

DATED: May 11, 1998

Respectfully submitted,

PRESTON GATES & ELLIS, LLP
725 S. Figueroa St.
Suite 2100
Los Angeles, CA  90017
(213) 624-2395

By: _____
Jane H. Barrett
Kirk A. Dublin
Grady L. White
Audra M. Mori

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Microsoft Corporation ("Microsoft") commenced this action against Defendants L&M Manufacturing Corporation, Markus Trading Company, Jack Lieberman, and Marilyn Lieberman ("Defendants") because they acquired and distributed counterfeit and infringing Microsoft software. Defendants assert affirmative defenses alleging unclean hands, lack of good faith, lack of customer confusion, and unspecified grounds set forth in their previously denied motion to dismiss. Each of these purported defenses is, however, legally deficient and/or redundant and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Otherwise, Defendants may use them to expand unnecessarily the scope of discovery and to shift improperly the focus of the case away from its central issues.

### II. BACKGROUND

On February 3, 1998, Microsoft filed its First Amended Complaint against the Defendants, alleging causes of action for copyright and trademark infringement, false designation of origin, unfair competition, fraud, imposition of a constructive trust, and an accounting. [See First Am. Compl. pp. 11-24, ¶¶ 29-71.] The First Amended Complaint alleges that the Defendants

3

have acquired and distributed large quantities of counterfeit Microsoft software. The First Amended Complaint further alleges that the Defendants have fraudulently and impermissibly acquired and distributed supplemental software components designated for distribution through Microsoft's Easy Fulfillment ("MEF") Program.

On February 17, 1998, the Defendants served a motion to dismiss the Fifth and Sixth Claims of Microsoft's First Amended Complaint, for fraud and imposition of a constructive trust. Defendants claimed that Microsoft had failed to plead these counts with particularity in accordance with Rule 9 of the Federal Rules of Civil Procedure. In an order filed on March 27, 1998, the Court denied Defendants' motion.

On April 22, 1998, the Defendants served their Answer, Affirmative Defenses and Counterclaim Against Microsoft Corporation (the "Answer"). In the Answer, Defendants allege eight affirmative defenses. [Answer at pp. 6-8.] This motion is aimed at striking four of these affirmative defenses: the third, fifth, sixth and eighth (mistakenly designated by Defendants' as a second "Seventh Affirmative Defense") defenses.

4

## III. ARGUMENT

### A. Legal Standards for Motion To Strike.

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Where an affirmative defense is insufficient as a matter of law, it should be stricken to eliminate the delay and unnecessary expense of litigating the invalid claim, especially where the defense may lead to otherwise unnecessary, extensive pre-trial discovery. <u>Anchor Hocking Corp. v. Jacksonville Electric Authority</u>, 419 F. Supp. 992, 1000 (M.D. Fla, 1976); <u>FDIC v. Eckert Seamans Cherin & Mellot</u>, 754 F. Supp. 22, 23 (E.D.N.Y. 1990). Where a motion to strike has the "effect of making trial of the action less complicated, or has the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." <u>California ex rel. State Lands Comm. v. United States</u>, 512 F. Supp. 36, 38 (N.D. Cal. 1981); accord, <u>S.E.C. v. Gulf & Western Indus., Inc.</u>, 502 F. Supp. 343, 345 (motion should be granted "where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense").

If the Defendants' third, fifth, sixth, and eighth affirmative defenses are allowed to remain in this action, they

5

will subject Microsoft to burdensome and irrelevant discovery on issues unrelated to the core issue in this case: whether the Defendants are software pirates. A motion to strike these defenses is thus particularly "well taken" to prevent the Defendants from using baseless affirmative defenses improperly to expand the scope of discovery and to shift the focus of the case away from their own wrongful conduct.

**B. Defendants' Third Affirmative Defense (Unclean Hands) Is Redundant and Fails for the Reasons Set Forth in Microsoft's Concurrently Filed Rule 12(b)(6) Motion.**

Microsoft is filing concurrently with this motion a Motion To Dismiss Defendants' Counterclaims Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' Third Affirmative Defense, designated "unclean hands," appears premised on the exact same facts as Defendants' counterclaims, and therefore, is redundant and must fall along with them should Microsoft's Rule 12(b)(6) motion be granted.

**C. Defendants' Fifth Affirmative Defense (Innocent User/Good Faith) Merely Repeats Denials in Their Answer and Is, Therefore, Redundant**

As their Fifth Affirmative Defense, Defendants state, "to the extent any infringement or other unlawful conduct occurred, it was unintentional and/or occurred without Defendants' knowledge and/or without the requisite bad faith or intent." In examining

6

this affirmative defense it bears keeping in mind that bad faith or intent is not a "requisite" element of Microsoft's liability case under either trademark or copyright law. "Neither lack of knowledge nor intent are defenses to a claim of copyright infringement." Microsoft Corp. v. Grey Computer, 910 F.Supp. 1077, 1084 (D. Md. 1995); citing Buck v. Jewell, 283 U.S. 191, 51 S.Ct. 410, 75 L.Ed. 971 (1931); Fitzgerald Publishing Co. v. Baylor Publishing Co., 807 F.2d 1110, 1113 (2d Cir.1986); accord, Playboy Enterprises, Inc. v. Starware Publishing Corp., 900 F. Supp. 433, 436 (S.D. Fla. 1995). Similarly, Microsoft "need not show intent to infringe in order to prove liability" for trademark infringement. Grey Computer, 910 F.Supp. at 1086, citing Brittingham v. Jenkins, 914 F.2d 447 (4th Cir.1990); Quality Inns Int'l, Inc. v. McDonald's Corp., 695 F.Supp. 198, 221 (D.Md.1988); Polo Fashions, Inc. v. Gordon Group, 627 F.Supp. 878, 889 (M.D.N.C.1985).

To the extent that the Defendants' knowledge or lack thereof and their bad faith or intent or lack thereof are issues in the case, Defendants have already in their Answer repeatedly and consistently denied any such knowledge, bad faith and intent. [Answer at ¶¶ 13, 16, 26, 39, 42, 54-63, and 65.] Defendants' denials put at issue the matter of whether any complained of actions occurred "without Defendants' knowledge and/or without the requisite bad faith or intent." The Fifth Affirmative

7

Defense, therefore, adds nothing to the case and should be stricken as redundant.

**D. Defendants' Sixth Affirmative Defense (Lack of Confusion/No Loss of Goodwill) Merely Repeats Denials in Their Answer and Is, Therefore, Redundant.**

As their Sixth Affirmative Defense, Defendants allege that they "are not liable for any sale of non-counterfeit, genuine Microsoft product bearing a true Microsoft mark, even without the consent of Microsoft, as any sale by Defendants of Microsoft products has not resulted in customer confusion or loss of goodwill to Microsoft." [Answer at p. 8.]

To the extent that Defendants are asserting that Microsoft must prove that Defendants' distribution of the goods at issue in this case has caused actual customer confusion, their defense is insufficient as a matter of law. In order to prove trademark infringement, Microsoft does not have to prove actual confusion. Microsoft needs only prove a likelihood of confusion. Microsoft Corporation v. Grey Computer, 910 F. Supp. 1077, 1086 (D. Md. 1995).

Furthermore, Defendants' in their Answer have already denied that their complained of activities have caused any customer confusion and have further denied that these activities have caused Microsoft to suffer any loss of goodwill. [Answer at ¶¶ 32, 38, 39, 41, 42, 48, 49, 53, 59, 61, and 62.] These

8

denials are sufficient to put the both customer confusion and loss of goodwill at issue in the case. The Sixth Affirmative Defense is, therefore, purely redundant and should be stricken.

**E. Defendants' Eighth Affirmative Defense (Realleging Matters Previously Disposed of on a Motion to Dismiss) Is, By Definition, Redundant.**

In their Eighth Affirmative Defense, which the Defendants mistakenly labeled as a second Seventh Affirmative Defense, the Defendants merely "reallege the grounds set forth in [Defendants'] Motion to Dismiss . . . ." [Answer at p. 8.] By order entered on March 27, 1998, the Court denied this very motion. Defendants should not be allowed to circumvent that ruling under the guise of asserting the self-same matters as an affirmative defense. Defendants' Eighth Affirmative Defense should, therefore, be striken.

## IV. CONCLUSION

For all of the foregoing reasons, Microsoft respectfully requests that the Court strike Defendants' Third, Fifth, Sixth and Eighth Affirmative Defenses pursuant to Rule 12(f).

DATED: May 11, 1998

Respectfully submitted,

PRESTON GATES & ELLIS, LLP
725 S. Figueroa St.
Suite 2100
Los Angeles, CA 90017
(213) 624-2395

By: _____
Jane H. Barrett
Kirk A. Dublin
Grady L. White
Audra M. Mori

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered this 12th day of May, 1998 to Steven M. Weinger, Esq., Kurzban, Kurzban, Weinger and Tetzeli, P.A., 2650 S.W. 27th Avenue, 2nd Floor, Miami, FL 33133 and William P. Geraghty, Anderson, Moss, Sherouse & Petros, P.A., 2500 New World Tower, 100 North Biscayne Boulevard, Miami, Florida 33132.

By: _____
Sam Danon